DYK, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority that the arbitrator’s decision must be set aside because it relies on a non-existent “zero tolerance policy.” I disagree insofar as the majority holds that (1) the government must prove illegal conduct by the government employee to sustain a charge of “Use of an Illegal Substance” and (2) the discharge of the employee here could not promote the efficiency of the service.[1]
It is well known that the use of illegal drugs in the workplace is a serious problem; it is also well known that employees found to be using illegal drugs frequently claim that they did not know that they were doing so. It may be difficult in many cases for the government to prove knowledge, and it is entirely appropriate in many circumstances to discharge an employee for illegal drug use without proof of knowledge or criminal activity. The majority’s approach would impair the government’s legitimate interest in preventing the use of illegal drugs by its employees. I would remand to the arbitrator to determine whether removal in the circumstances of this case would promote the efficiency of the service.

. The substance involved here, Boldenone Undecylenate, is illegal in the sense that it cannot be dispensed without a prescription. There is no suggestion here that Torres took the drug pursuant to a prescription.